[635 NYS2d 806]

In the Matter of SIEMENS CORPORATION, Formerly SIEMENS CAPITAL CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, January 4, 1996

APPEARANCES OF COUNSEL

*Richard S. Payne,* New York City, for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrea Oser* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

## OPINION OF THE COURT

SPAIN, J.

After an audit by the Audit Division of the Department of Taxation and Finance (hereinafter the Division), notices of deficiency were sent to petitioner claiming that it owed extra tax payments for interest income covering the years ending 1980, 1981 and 1983. Petitioner, a wholly owned subsidiary of Siemens Aktiengesellschaft (hereinafter Siemens AG.), with its principal place of business in New York, serves as a holding and financing company for the United States operations of Siemens AG. Petitioner filed a protest, claiming that its interest income from its business receipts was derived outside of New York, removing its income from the numerator of the tax formula contemplated by Tax Law § 210 (3) (a) (2) (D). In its protest, petitioner asserted that the interest income was derived from loans that it made to many of its subsidiaries, other brother-sister corporations and corporations owned directly or indirectly by Siemens AG. and, as such, it did not perform functions usually associated with the lending of money. Petitioner further argued that, since the loans were being guaranteed by Siemens AG. and no determination of creditworthiness was involved, the appropriate method for determining interest income from these loans is from the place of the borrowers, which in most cases was outside New York. The Division, in its response to petitioner's protest, argued

that the loans were business receipts and should be included as income within New York since the interest earned by petitioner was earned in New York. In an amended answer, the Division further asserted that the interest income should be taxed in New York since the loan services provided by petitioner were in New York (*see*, Tax Law § 210 [3] [a] [2] [B]).

Pursuant to another audit of petitioner, additional notices of deficiency for the years ending 1984, 1985 and 1986 were issued by the Division. Petitioner also challenged the second audit. A hearing was held before an Administrative Law Judge (hereinafter ALJ) on the first audit; on consent of the parties, petitioner's challenge to the second audit was consolidated with the first protest and submitted without a hearing to the same ALJ. The ALJ determined that Tax Law § 210 (3) (a) (2) (D), which includes as income "all other business receipts earned within the state", applied and agreed with petitioner that the source of the disputed income was outside New York. The ALJ rejected the Division's belated argument that Tax Law § 210 (3) (a) (2) (B), which includes as a factor "services performed within the state", applied. The basis for the ALJ's determination was that "the Division never clearly delineated the services performed by petitioner within the State which it believed gave rise to its claim of taxability". Furthermore, since petitioner did not solicit, investigate, negotiate or approve, but merely administered the loans, the ALJ determined that petitioner's activities with respect to the loans were essentially passive and that petitioner could not have performed "services" within the State, as contemplated by the Tax Law.

The Division filed an exception to the ALJ's determination, *inter alia*, disagreeing with the conclusion of law that petitioner's activities could not be characterized as "services performed within the state" (Tax Law § 210 [3] [a] [2] [B]). Thereafter, respondent Tax Appeals Tribunal reversed the ALJ's determination, finding that petitioner did perform services within the State bringing its business receipts under Tax Law § 210 (3) (a) (2) (B). Subsequently, petitioner commenced this proceeding in this Court pursuant to Tax Law § 2016 challenging the Tribunal's determination.

In our view the Tribunal erred by classifying petitioner's activities as "services performed within the state" pursuant to Tax Law § 210 (3) (a) (2) (B). In its determination the Tribunal relied on an advisory opinion issued by the Department of Taxation and Finance (*see*, 1988 Opns State Dept of Taxation & Fin No. TSB-A-88[2]C). That opinion, however, advises that the

income gained from servicing a loan in New York is considered "other business receipts earned within the state" (Tax Law 210 [3] [a] [2] [D]). Notably, respondent Commissioner of Taxation and Finance concedes in his brief "that the Division traditionally has treated interest income of the nature at issue here as 'other business receipts' under Tax Law § 210 (3) (a) (2) (D)". Rather than arguing that the interest income is gained by performing "services", the Commissioner now takes the position that it does not matter whether the interest income is characterized as being derived from "services performed within the state" (Tax Law § 210 [3] [a] [2] [B]) or "business receipts earned within the state" (Tax Law § 210 [3] [a] [2] [D]). He asserts that, in either case, whether petitioner was "earning" or "servicing", petitioner was doing it within the State and should be taxed as such. Thus, for purposes of this analysis, we conclude that based on the Commissioner's concession and the advisory opinion cited by the Tribunal, petitioner's interest income is not considered to have resulted from "services performed within the state" (Tax Law § 210 [3] [a] [2] [B]) and, therefore, we will analyze petitioner's activities under Tax Law § 210 (3) (a) (2) (D), the "receipts earned within the state" test.

Petitioner argues that the interest income was not earned within New York, while the Commissioner argues that the interest income was earned within New York. The argument centers on the determination of whether interest income is earned at the location of the borrower or the location of the lender. In our view, interest income is earned at the location of the borrower. An analysis of this issue first requires a look at Tax Law § 184 (1) which states, in pertinent part, that a franchise tax on transportation will be placed on "gross earnings from all sources within this state". The Court of Appeals, in analyzing this phrase, has stated that interest income from advances to out-of-State obligors was not "earnings from a 'source' within the State within the meaning of section 184 of the Tax Law" (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 406). It further concluded that "there is no rational basis for the conclusion that section 184 of the Tax Law, in its use of the word 'source' was intended to encompass income received from such advances and investments in out-of-State subsidiaries and obligors" (*supra*, at 406-407). Just as in the instant case, *Matter of American Tel. & Tel. Co. v State Tax Commn.* (*supra*) dealt with advances to subsidiaries outside New York (*see, supra*, at 397).

The Commissioner's contention that *American Tel. & Tel.* deals with a different section of the Tax Law and is therefore not applicable to the instant case is without merit. In our opinion, Tax Law §§ 184 and 210 are in pari materia and should, therefore, be construed together (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 221 [b]). Both statutes deal generally with taxation and, more specifically, with taxing interest income. We also reject the Commissioner's assertion that, unlike Tax Law § 184, Tax Law § 210 does not include the word "source". However, Tax Law § 210 (3) begins with the language, "The portion of the entire net income"; the phrase "entire net income" is defined in Tax Law § 208 (9) as "total net income from all sources". Accordingly, we conclude that the interest income in question was not "earned within the state" (Tax Law § 210 [3] [a] [2] [D]) and that such income should properly, if applicable, be taxed from the situs of the borrower.

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Adjudged that the determination is annulled, with costs, and petition granted.